# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **ERICK DE PAZ,** ) <br> ) <br> **Defendant.** ) <br> _____) | Crim. Action No. 05-20039-01-KHV <br><br> Civil Action No. 06-3028-KHV |

## ORDER

This matter is before the Court on defendant's Motion For Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #61) and defendant's Motion To Require Appeal Bond (Doc. #62), both filed January 23, 2006.

On December 21, 2005, the Court sentenced defendant. On January 5, 2006, defendant filed his notice of appeal. Defendant now has filed a motion to vacate his sentence under Section 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. The Court therefore overrules defendant's Section 2255 motion as premature.[1]

---

[1] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. Compare United States v. Hurd, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Advisory Committee Note to Rule 5 of the Rules Governing § 2255
(continued...)

Defendant also asks the Court to set bond under Rule 7 of the Federal Rules of Appellate Procedure which applies to bonds for costs on appeal in a civil case. Because this is a criminal case, Rule 7 does not apply. To the extent that defendant seeks to be released on bond pending appeal, the Court overrules his request.

**IT IS THEREFORE ORDERED** that defendant's Motion For Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #61) filed January 23, 2005 be and hereby is **OVERRULED**. Defendant may re-file his motion after his direct criminal appeal is concluded.

**IT IS FURTHER ORDERED** that defendant's Motion To Require Appeal Bond (Doc. #62) filed January 23, 2006 be and hereby is **OVERRULED**.

The Clerk is directed to send a copy of this Order to defendant and all counsel of record.

Dated this 26th day of January, 2006, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1](...continued)
Proceedings (no jurisdictional bar to Section 2255 motion pending appeal). Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes. See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).